* * * * * * * * * * *
The undersigned have reviewed the prior Interim Opinion and Order based upon the record of the proceedings before Deputy Commissioner Ledford and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Defendant-employer was subject to the N.C. Workers' Compensation Act at all relevant times and was required to carry workers' compensation insurance. *Page 2 
2. The Industrial Commission has jurisdiction of this claim.
3. Defendant-employer had previously been insured for workers' compensation coverage by defendant-carrier, Companion Property and Casualty Company.
4. On February 18, 2005, plaintiff was an employee of defendant-employer.
5. On February 18, 2005, plaintiff sustained an admittedly compensable injury by accident when she fell while at work.
 * * * * * * * * * * *
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. On February 18, 2005, plaintiff sustained an injury by accident when she fell into an air vent that had been covered with cardboard and was not plainly visible. Her left leg went down into the vent up to her thigh. Plaintiff was able to get out, pushing with her right leg.
2. Plaintiff reported the matter to the owner of First Academy Child Development, Frances Isler. Ms. Isler had plaintiff fill out the appropriate papers to make a claim. Ms. Isler was elderly and in poor health. As of the date of the hearing before the Deputy Commissioner, Ms. Isler was deceased.
3. Plaintiff was initially treated for her injuries by Dr. Wayne Palmer at Wayne Chiropractic Center in Goldsboro. She has not received any subsequent treatment. Plaintiff will benefit from a comprehensive medical examination.
4. Plaintiff was out of work for two weeks. Ms. Isler herself paid plaintiff $250 per week, a total of $500 for the two weeks she was out of work. *Page 3 
5. Prior to plaintiff's accident, in 2004, Ms. Isler had been late in paying her workers' compensation premiums and the carrier had sent her a notice of intent to cancel her policy. However, Ms. Isler apparently timely tendered payment and the policy was not cancelled.
6. On or about January 31, 2005, defendant-carrier prepared a notice of intent to cancel defendant-employer's workers' compensation policy due to non-payment of premiums. The notice was mailed via certified mail, return receipt requested on February 1, 2005. Joy Holland, an employee with defendant-employer, signed for the notification on February 3, 2005 and the effective date for cancellation of the policy was February 17, 2005. Thus, defendant-employer received less than 15 days' notice of the intent to cancel its workers' compensation insurance policy.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the undersigned conclude as follows:
 CONCLUSIONS OF LAW
1. On February 18, 2005, plaintiff sustained an admittedly compensable injury by accident when she fell while working for defendant-employer. She is entitled to receive any and all appropriate benefits due her pursuant to the N.C. Workers' Compensation Act. N.C. Gen. Stat. §97-2(6) et seq.
2. Pursuant to N.C. Gen. Stat. § 58-36-105(b) notice of cancellation of a policy must be given to the insured by certified or registered mail, return receipt requested, not less than 15 days prior to the proposed effective date of cancellation. *Page 4 
3. The insurer may cancel a policy for nonpayment of premiums, but the cancellation will not be effective until the process of notification is completed as set forth in the statute. N.C. Gen. Stat. § 58-36-105.
4. The process of notification of intent to cancel in this case was not completed until the certified mail was received by the employer, which was when it was signed for by Joy Holland on February 3, 2005. This was less than 15 days prior to the effective date for cancellation, February 17, 2005. Therefore, the notice was not in compliance with N.C. Gen. Stat. § 58-36-105 and, thus, the policy was still in effect on February 18, 2005, when the injury by accident occurred.
 * * * * * * * * * * *
Based upon the foregoing Findings of Facts and Conclusions of Law, the undersigned enters the following:
 ORDER
1. The Motion of the defendant-carrier Companion Property and Casualty Company to be dismissed from this claim is DENIED.
2. Defendant-carrier shall be responsible for payment of all prior expenses incurred by plaintiff for reasonably necessary medical treatment related to her injury by accident of February 18, 2005.
3. Plaintiff's request for a comprehensive medical examination by a physician related to the injuries sustained in the accident of February 18, 2005 is APPROVED. Defendant-carrier shall be responsible for payment of the same.
4. Defendant-carrier shall pay the costs of the hearing.
This the 10th day of August 2007.
 S/__________________________________
 DIANNE C. SELLERS
 COMMISSIONER
CONCURRING:
 S/__________________________________ BUCK LATTIMORE COMMISSIONER
 S/__________________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1